IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DARRICK L. FULLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:21CV931 |
| ) | |
| SAMUEL S. PAGE, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina housed in the Rockingham County Jail, submitted a document entitled "Petition for Writ of Habeas Corpus." In that filing, he states that he is being wrongfully detained and asks that the Court hold a hearing and investigate his detention. This Court does not conduct investigations and would hold a hearing only if a petitioner presented proper grounds and a hearing was needed after briefing of the matter by both parties. A petitioner can file a petition for a writ of habeas corpus either attacking state court criminal convictions under 28 U.S.C. § 2254 or, in rare situations, pretrial detention under 28 U.S.C. § 2241. It is not clear which type of action Petitioner intends to pursue in this case. For administrative purposes, the Court treated the filing as a petition under § 2254. However, whether Petitioner seeks to attack completed convictions or pending charges, the Petition cannot be further processed for the following reasons:

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

     2.      Petitioner did not use the required § 2254 or § 2241 Forms. Rule 2, R. Gov. § 2254 Cases.

     3.      Petitioner's claims are not clear. He contends that his detention is unlawful, but provides no facts to support that conclusion.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue a petition under § 2254. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). Also, whether Petitioner seeks to file under § 2254 or § 2241, he must exhaust all available remedies in the state courts before filing in this Court. After exhausting those remedies, Petitioner should request the proper §

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

2254 or § 2241 forms from the Clerk and use them to file any habeas petition if he seeks to pursue one.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner exhausting his state court remedies and then filing a new petition under § 2254 or § 2241 which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 9th day of December, 2021.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge